**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**DANNY WILLIAM THOMPSON, II,**

       **Plaintiff,**　　　　　　　　　　　　**Case No. 2:08-CV-230
　　　　　　　　　　　　　　　　　　　　　　Judge Holschuh
  vs.　　　　　　　　　　　　　　　　　Magistrate Judge King**

**KEVIN RINGS,**

       **Defendants**

<u>**ORDER and
REPORT AND RECOMMENDATION**</u>

Plaintiff, a state prisoner, filed this action in state court, seeking monetary damages from the defendant, an Assistant County Prosecutor for Washington County, Ohio, in connection with the alleged failure to produce discovery in defendant's criminal proceedings. The complaint specifically refers to, among other things, a claimed denial of plaintiff's constitutional rights and 42 U.S.C. §1983. *See, e.g., Complaint,* at p.2. The action was removed to this Court as one arising under federal law. *See* 28 U.S.C. §1441. This matter is now before the Court on plaintiff's *Motion for Replacement of Venue*, Doc. No. 9.

Plaintiff contends that venue in Washington County, Ohio, is proper under the laws of the State of Ohio. However, the federal removal statute, 28 U.S.C. §1441(a), authorizes the removal to federal court of a civil action filed in state court if the action is one over which "the district courts of the United States have original jurisdiction ... ." *Id.* Federal district courts are granted original jurisdiction over actions that arise under federal law. 28 U.S.C. §1331. The federal statute invoked in the complaint, 42 U.S.C. §1983, is a proper basis for

the exercise of this Court's jurisdiction.  It therefore appears that the removal of this action to this Court was proper.

Accordingly, to the extent that plaintiff's motion, Doc. No. 9, seeks a change of venue, the motion is **DENIED.**  To the extent that plaintiff's motion, Doc. No. 9, seeks remand of the action to state court, it is **RECOMMENDED** that the motion to remand be **DENIED**.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b).  Response to objections must be filed within ten (10) days after being served with a copy thereof.  F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

 March 21, 2008                             *s/Norah McCann King*
                                          Norah M$^c$Cann King
                                    United States Magistrate Judge