```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

**DANNY WILLIAM THOMPSON, II,**

        **Plaintiff,**                  **Case No. 2:08-CV-230**
                                                    **Judge Holschuh**
    **vs.**                                      **Magistrate Judge King**

**KEVIN RINGS,**

        **Defendants.**

## OPINION AND ORDER

Plaintiff, a state inmate, originally filed this action in the Washington County Court of Common Pleas. In the original complaint, which plaintiff captioned "CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. 1983," *see Complaint,* at p.1, Doc. No. 3, plaintiff alleges that "[j]urisdiction is invoked under the authority of 42 U.S.C. §1983 and/or R.C. 2305.01." *Id.,* at p.2. Plaintiff specifically alleges that the defendant, an assistant prosecuting attorney for Washington County, concealed vital evidence during the criminal proceedings against plaintiff, thereby violating plaintiff's civil rights and failing to perform his duties "mandated by both the Ohio and United States Constitution. ..." *Id.,* at p.4. The action was removed to this Court by the defendant as one arising under federal law. *Notice of Removal*, Doc. No. 2.

Plaintiff thereafter filed a motion "for replacement of venue," asking that the Court transfer the action back to the Washington County Court of Common Pleas. On March 24, 2008, the Magistrate Judge issued an *Order and Report and Recommendation* holding that, to the extent that plaintiff's motion seeks a change of venue, the motion was denied; to the extent that plaintiff's motion seeks remand of the action to state court, the Magistrate Judge recommended that the motion be denied. *Order and Report and Recommendation,* Doc. No. 12. This matter is now before the Court on plaintiff's *Objections,* Doc. No. 14, to the *Order and Report and Recommendation,* which the Court will consider *de novo, see* 28 U.S.C.

§636(b).

In his objections, plaintiff does not deny that the *Complaint* invoked federal law; he appears to argue that, because the Washington County Court of Common Pleas is vested with concurrent jurisdiction over even federal claims, the case should remain pending in that court. However, federal law expressly authorizes the removal of an action from state court to federal court where, as here, the complaint invokes federal law.  28 U.S.C. §1441.  The fact that the Washington County Court of Common Pleas is also vested with jurisdiction over claims under 42 U.S.C. §1983 is immaterial and will not serve to preclude removal by the defendant. *See Dorsey v. City of Detroit,* 858 F.2d 338, 340-41 (6th Cir. 1988)(Congressional grant of concurrent jurisdiction over §1983 claims does not preclude removal on basis of federal question jurisdiction.)

Having accorded *de novo* review of the record in this action, and of plaintiff's *Objections to the Order and Report and Recommendation,* the Court concludes that the objections are without merit and they are therefore **DENIED.**  The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** Plaintiff's motion for replacement of venue, Doc. No. 9, is **DENIED.**

Plaintiff also filed a motion to stay the Magistrate Judge's scheduling order pending resolution of his motion for replacement of venue. Doc. No. 10.  Because his motion for replacement of venue has now been resolved, plaintiff's motion to stay, Doc. No. 10, is **DENIED** as moot.  All parties shall comply with the order entered March 11, 2008, Doc. No. 7, within fifteen (15) days of the date of this order.

Date: April 11, 2008              **/s/ John D. Holschuh**
                                  John D. Holschuh, Judge
                                  United States District Court

2