IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DANNY WILLIAM THOMPSON, II,**

      **Plaintiff,**

  v.                            **Case No. 2:08-CV-230**
                                  **Judge Holschuh**
**KEVIN RINGS,**                   **Magistrate Judge King**

      **Defendant.**

## REPORT AND RECOMMENDATION

This is a civil rights action brought under 42 U.S.C. § 1983 by plaintiff Danny William Thompson, II, ("plaintiff"), an inmate in the custody of the Ohio Department of Rehabilitation and Correction and currently housed at the Chillicothe Correctional Institution. Plaintiff alleges that his civil rights were violated by defendant Kevin Rings, Assistant Prosecuting Attorney for Washington County, Ohio, when the latter allegedly withheld relevant evidence during plaintiff's criminal prosecution. Plaintiff seeks monetary damages. This matter is before the Court on defendant's motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) and defendant's motion for summary judgment pursuant to Fed. R. Civ. P. 56.[1] *Defendant's Motion for Judgment on the Pleadings,* Doc. No. 25 ("*Motion for Judgment on the Pleadings*");

---

[1] Although defendant cites to Fed. R. Civ. P. 12(b)(6) and 12(c), this Court construes the filing as a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) because defendant has filed a responsive pleading. *See* Fed. R. Civ. P. 12(b) (stating a motion asserting any of the defenses enumerated in Rule 12(b) "must be made before pleading if a responsive pleading is allowed. . . .").

*Defendant's Motion for Summary Judgment*, Doc. No. 26 ("*Motion for Summary Judgment*").
For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be dismissed.

**I.    BACKGROUND**

Plaintiff alleges that, during his criminal proceedings, his counsel "filed for discovery under Criminal Rule 16."[2] *Complaint,* pp. 3 - 4, Doc. No. 3. Although his counsel received certain discovery, plaintiff alleges that defendant never produced certain medical reports. *Id.* Plaintiff claims that, by withholding these reports, defendant violated plaintiff's constitutional right to due process. *See* 42 U.S.C. §1983. Plaintiff also appears to assert claims under Ohio criminal statutes.[3] This case was first filed in the Court of Common Pleas for Washington County, Ohio, and was later removed to this Court.. *Notice of Removal*, Doc. No. 2.

**II.    MOTION FOR JUDGMENT ON THE PLEADINGS**

**A.    Standard of Review**

When analyzing a motion for judgment on the pleadings under Rule 12(c), a reviewing court refers to the same standard applied to rule 12(b)(6) motions to dismiss. *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001). A motion to dismiss under Rule 12(b)(6)

---

[2] Ohio Crim. R. 16 provides in relevant part:

Reports of examination and tests. Upon motion of the defendant the court shall order the prosecuting attorney to permit the defendant to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, made in connection with the particular case, or copies thereof, available to or within the possession, custody or control of the state, the existence of which is known or by the exercise of due diligence may become known to the prosecuting attorney.

Ohio Crim. R. 16(B)(1)(d).

[3] Plaintiff specifically refers to O.R.C. §2921.12 (tampering with evidence), §2921.44(D) (dereliction of duty) and §2921.45 (interfering with civil rights).

2

attacks the legal sufficiency of the complaint. *Roth Steel Prod. v. Sharon Steel Co.*, 705 F.2d 134, 155 (6th Cir. 1983); *Carter v. Welles-Bowen Realty, Inc.*, 493 F. Supp. 2d 921, 923 (S.D. Ohio 2007). In determining whether dismissal on this basis is appropriate, the complaint must be construed in the light most favorable to the plaintiff, and all well-pleaded facts must be accepted as true. *Bower v. Federal Express Corp.,* 96 F.3d 200, 203 (6th Cir. 1996); *Misch v. The Cmty. Mutual Ins. Co.,* 896 F. Supp. 734, 738 (S.D. Ohio 1994). Recently, the Supreme Court of the United States explained that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007). However, a plaintiff's ground for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964-65. "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id*. at 1965. Accordingly, a complaint must be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

In this case, plaintiff is proceeding without the assistance of counsel. A *pro se* litigant's pleadings are to be construed liberally and are held to a less stringent standard than are formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21(1972); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A court should make a reasonable attempt to read the pleadings of a *pro se* litigant to state a valid claim on which the plaintiff could prevail, despite any failure to cite proper legal authority, confusion of various legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements. *Ashiegbu v. Purviance*, 74 F. Supp. 2d 740, 749 (S.D. Ohio 1998) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "This standard does not mean, however, that *pro se* plaintiffs are entitled to take every

case to trial." *Id.* (citing *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)). "Indeed, courts should not assume the role of advocate for the *pro se* litigant." *Id.* (citing *Hall*, 935 F.2d at 1110).

**B.     Claim under 42 U.S.C. §1983**

Plaintiff asserts a civil claim under 42 U.S.C. § 1983 for denial of his constitutional rights. Defendant contends that, as a prosecutor, he is absolutely immune from liability for monetary damages under §1983. This Court agrees.

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983. The statute on its face admits of no defense of official immunity. However, a state prosecutor is entitled to absolute immunity for liability for monetary damages under §1983 in connection with conduct that is "intimately associated with the judicial phase of the criminal process." *Buckley v. Fitzsimmons,* 509 U.S. 259, 270 (1993) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). On the other hand, if a prosecutor's conduct was investigative or administrative in nature, that prosecutor is entitled to only qualified immunity from liability for monetary damages. *Id*.

4

In determining whether a prosecutor's conduct was prosecutorial or investigative or administrative in nature, the Court must employ a "functional approach." *Id.* at 269. *See also, Higgason v. Stephens,* 288 F.3d 868, 877 (6th Cir. 2002). In doing so, the Court must look to "the nature of the function performed, not the identity of the actor who performed it[.]" *Buckley,* 509 U.S. at 269 (internal quotation marks omitted).

In the case presently before the Court, plaintiff alleges that defendant concealed or suppressed medical reports during plaintiff's criminal trial. The United States Court of Appeals for the Sixth Circuit has addressed the very issue of whether suppression or concealment of evidence is a prosecutorial function shielded by the doctrine of absolute immunity, and has concluded that such alleged conduct is so shielded. *Hilliard v.Williams,* 540 F.2d 220, 221 - 22 (6th Cir. 1976). *Accord Yarris v. County of Delaware,* 465 F.3d 129 (3d. Cir. 2006); *Guttman v. Khalsa*, 446 F.3d 1027 (10th Cir. 2006); *Henzel v. Gerstein*, 608 F.2d 654 (5th Cir. 1979); *Triplett v. Azordegan,* 570 F.2d 819 (8th Cir. 1978); *Cerbone v. County of Westchester,* 508 F. Supp. 780 (S.D.N.Y 1981); *Wilkinson v. Ellis* , 484 F. Supp. 1072 (E.D.Pa. 1980); *Wolf v. Carey*, 438 F. Supp. 545 (N.D.Ill. 1977).

Under the circumstances presented in this case, and without determining whether defendant actually withheld evidence or whether plaintiff was actually prejudiced thereby, the Court concludes that defendant is absolutely immune from liability under 42 U.S.C. §1983 for monetary damages, *i.e.*, the only relief sought by plaintiff in this action. Defendant is therefore entitled to judgment on this claim.

    **C**    **Claims under State Law**

As noted *supra,* it appears that plaintiff may also intend to assert claims under Ohio's

5

criminal statutes. It is clear, however, that Ohio criminal statutes do not give rise to civil liability. *Schmidt v. Statistics, Inc.*, 62 Ohio App. 2d 48, 49 (Ohio 3d Dist. Ct. App. 1978)(a separate civil cause of action must be available to bring a civil claim based on a criminal act). Under Ohio law, there is no civil claim against a prosecutor for activities intimately associated with the judicial phase of criminal proceedings. *Hunter v. City of Middletown*, 31 Ohio App. 3d 109 (Ohio 12th Dist. Ct. App. 1986); *Bestram v. Richards*, 49 Ohio App. 2d 3, 5 - 6 (Ohio 8th Dist. Ct. App. 1974); *Harman v. Gessner*, 1997 WL 5680094, *2 (Ohio 7th Dist. Ct. App. 1997). Accordingly, as to any claims that plaintiff asserts under state law, defendant is likewise entitled to judgment.[4]

### III. MOTION FOR SUMMARY JUDGMENT

Defendant has also filed a *Motion for Summary,* Doc. No. 26. Should defendant's *Motion for Judgment on the Pleadings,* Doc. No. 25, be granted, the *Motion for Summary Judgment* will be rendered moot.

**WHEREFORE**, the Magistrate Judge **RECOMMENDS** that defendant's *Motion for Judgment on the Pleadings,* Doc. No. 25, be **GRANTED** and that defendant's *Motion for Summary Judgment,* Doc. No. 26, be **DENIED as moot**.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is

---

[4] In light of the Court's resolution of the issue of absolute immunity the Court need not, and does not, address other contentions raised by defendant.

made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636 (b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


November 18, 2008                  *s/Norah McCann King*
                                              Norah M$^c$Cann King
                                              United States Magistrate Judge