**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**DANNY WILLIAM THOMPSON, II,**

      **Plaintiff,**                                Case No. 2:08-CV-230
                                                    Judge Holschuh
    **vs.**                                                Magistrate Judge King

**KEVIN RINGS,**

      **Defendant.**

## OPINION AND ORDER

      This is a civil rights action under 42 U.S.C. §1983 in which plaintiff, currently a state prisoner, seeks monetary damages in connection with his claim that the defendant, an assistant prosecuting attorney for Washington County, Ohio, withheld relevant evidence during plaintiff's criminal prosecution. On November 18, 2008, the United States Magistrate Judge issued a *Report and Recommendation* recommending that defendant's motion for judgment on the pleadings, Doc. No. 25, be granted and that defendant's motion for summary judgment, Doc. No. 26, be denied as moot. *Report and Recommendation,* Doc. No. 51. This matter is now before the Court on plaintiff's objections to that *Report and Recommendation*, which the Court will consider *de novo*. *See* 28 U.S.C. §636(b).

      The *Report and Recommendation* reasoned that the defendant is entitled to absolute immunity from liability for monetary damages. *See Imbler v. Pachtman,* 424 U.S. 409 (1976). The *Report and Recommendation* also relied upon the decision of the United States Court of Appeals for the Sixth Circuit in *Hilliard v. Williams*, 540 F.2d 220 (6th Cir. 1976), which held that a prosecutor who allegedly suppressed or concealed evidence is nevertheless shielded from liability for monetary damages by

the doctrine of absolute prosecutorial immunity.

Plaintiff objects to the *Report and Recommendation,* Doc. No. 53, and argues that the defendant is entitled to, at most, only qualified immunity. This Court disagrees. The law is well established that prosecutors, acting in their prosecutorial function in connection with judicial proceedings, are absolutely immune from liability for damages under 42 U.S.C. §1983. *Imbler, supra,* 424 U.S. 409; *Hillard, supra,* 540 F.2d 220.

Plaintiff also complains that he has been unable to pursue full discovery. However, because the defendant is, as a matter of law, absolutely immune from liability in this case, discovery will not change the outcome of this Court's resolution of defendant's motion for judgment on the pleadings.

Finally, plaintiff alleges that the defendant acted as a prosecutor without the security bond assertedly required by state law. Even if true, that fact is not material to the resolution of the dispositive legal issue presented by the motion for judgment on the pleadings.

Having carefully reviewed the record in this action, the *Report and Recommendation,* and plaintiff's objections thereto, the Court concludes that plaintiff's objections are without merit and they are therefore **DENIED.** The *Report and Recommendation,* Doc. No. 51, is **ADOPTED** and **AFFIRMED.** Defendant's motion for judgment on the pleadings, Doc. No. 25, is **GRANTED.**

The Clerk shall enter **FINAL JUDGMENT** in this action.

Date: December 3, 2008         **/s/ John D. Holschuh**
                                John D. Holschuh, Judge
                                United States District Court